## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN T. NAKATA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBVIE INC., RICHARD A. GONZALEZ, ROBERT A. MICHAEL, JEFFREY R. STEWART, and MICHAEL E. SEVERINO,<br><br>Defendants. | Case No. 1:22-cv-01773<br><br>Honorable Harry D. Leinenweber |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM AND CITY OF LIVONIA
RETIREE HEALTH AND DISABILITY BENEFITS PLAN
FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

4868-6617-5524.v1

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................................1

II.    FACTUAL BACKGROUND......................................................................................2

III.   ARGUMENT ............................................................................................................4

        A.    City of Livonia Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff..................................................................................4

               1.    City of Livonia Timely Moved for Appointment as Lead Plaintiff.............5

               2.    City of Livonia Has the Largest Financial Interest in the Relief Sought by the Class................................................................................5

               3.    City of Livonia Satisfies the Requirements of Rule 23 ..............................6

        B.    City of Livonia's Selection of Counsel Should Be Approved................................7

IV.   CONCLUSION......................................................................................................10

4868-6617-5524.v1

Putative class members City of Livonia Employees' Retirement System and City of Livonia Retiree Health and Disability Benefits Plan ("City of Livonia") respectfully submit this memorandum of law in support of City of Livonia's motion seeking an Order: (1) appointing City of Livonia as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (2) approving City of Livonia's selection of Lead Counsel for the class.

## I.    INTRODUCTION

The above-captioned action is a securities class action brought under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against AbbVie Inc. ("AbbVie" or the "Company") and certain of its executive officers (collectively, "Defendants").  The action is brought on behalf of investors who purchased or acquired AbbVie securities between April 30, 2021, and August 31, 2021, inclusive (the "Class Period").

The PSLRA allows any member or group of members of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)-(B).  Under the PSLRA, the Court must appoint as lead plaintiff the movant or movant group that: (1) makes a timely motion under the PSLRA's 60-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

City of Livonia respectfully submits that it is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  City of Livonia's motion is timely, and its losses of approximately $28,072 under a last-in, first-out ("LIFO") basis in connection with its transactions in AbbVie securities during the Class Period represent the largest known financial

1

interest in the relief sought by the class. *See* Motion, Exs. B-C; *infra* § III.A.2. In addition to asserting the largest financial interest, City of Livonia satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class. *See infra* § III.A.3.

Finally, City of Livonia has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, City of Livonia's selection of Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II. FACTUAL BACKGROUND

AbbVie, a Delaware corporation headquartered in North Chicago, Illinois, is a pharmaceutical company that manufactures a number of drugs, including Rinvoq, an anti-inflammatory drug used to treat rheumatoid arthritis and other diseases by inhibiting Janus kinase ("JAK") enzymes. Prior to the Class Period, the U.S. Food and Drug Administration (the "FDA") repeatedly warned the public that certain dosages of Pfizer Inc.'s Xeljanz—a competitor JAK inhibitor drug with the same mechanism of action as Rinvoq—were associated with elevated risks of serious heart-related issues, cancer, and other adverse events in an ongoing safety trial (the "ORAL Surveillance Trial").

The complaint alleges that during the Class Period, Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants misrepresented and/or failed to disclose that: (1) safety concerns about Xeljanz extended to Rinvoq and other JAK inhibitors; (2) as a result, it was likely that the FDA would require additional safety warnings for Rinvoq and would delay the approval of additional treatment indications for Rinvoq; and (3) therefore, Defendants' statements about the Company's business, operations, and prospects lacked a

reasonable basis.

Investors began to learn the truth on June 25, 2021, when the Company announced that the FDA would not complete its review of certain of AbbVie's supplemental New Drug Applications (the "sNDAs") for expanded treatment indications for Rinvoq by the end of June 2021, as Defendants had previously announced. In explaining the delay, the FDA cited its ongoing review of the ORAL Surveillance Trial. On this news, the price of Company stock declined $1.76 per share, or approximately 1.5%, from a close of $114.74 per share on June 24, 2021, to close at $112.98 per share on June 25, 2021.

Less than one month later, on July 16, 2021, AbbVie announced that the FDA had also extended its review of another AbbVie sNDA for Rinvoq. Once again, the agency cited its ongoing review of the ORAL Surveillance Trial.

Then, on September 1, 2021, the FDA announced that, based upon its review of the ORAL Surveillance Trial, the agency had concluded there is "an increased risk of serious heart-related events such as heart attack or stroke, cancer, blood clots, and death" even with lower dosages of Xeljanz. ECF 1 at ¶44. Accordingly, the FDA advised that it was requiring "new and updated warnings" for Xeljanz and other JAK inhibitors, including Rinvoq. *Id.* The FDA further stated that it would limit approved indications for Rinvoq, permitting the drug to be marketed only for the treatment of patients "who have had an inadequate response or intolerance to one or more" other types of anti-inflammatory medications. *Id.* at ¶47. On this news, the price of Company stock declined $8.51 per share, or more than 7%, from a close of $120.78 per share on August 31, 2021, to close at $112.27 per share on September 1, 2021.

After the Class Period, on December 3, 2021, AbbVie announced that, in accordance with the FDA's prior announcement, "the U.S. label for RINVOQ will now include additional

information about the risks of malignancy and thrombosis, and the addition of mortality and MACE (defined as cardiovascular death, myocardial infarction and stroke) risks within the Boxed Warnings and Warnings and Precautions sections." ECF 1 at ¶47. The Company further advised that Rinvoq's label would now specify that it was "indicated for the treatment of adults with moderately to severely active rheumatoid arthritis who have had an inadequate response or intolerance to one or more [other anti-inflammatory drugs]." *Id.*

Then, on January 11, 2022, AbbVie lowered its guidance for Rinvoq, stating that it "now expects 2025 risk-adjusted sales of greater than $7.5 billion for Rinvoq" (compared to the Company's prior guidance of greater than $8 billion). ECF 1 at ¶48.

## III. ARGUMENT

### A. City of Livonia Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as Lead Plaintiff within 60 days of the publication of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the member or group of members of the class that the court determines to be most

4

capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1. City of Livonia Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member or group of members of the class to move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the class action by Kessler Topaz, notice was published on April 6, 2022, in *Globe Newswire*, alerting investors to the pendency of the action and informing them of the June 6, 2022 deadline to seek appointment as lead plaintiff. *See* Motion, Ex. A. Accordingly, City of Livonia's motion is timely.

### 2. City of Livonia Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs courts to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant or movants with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, City of Livonia suffered substantial losses of approximately $28,072 under a LIFO analysis in connection with its Class Period transactions in AbbVie securities. *See* Motion, Exs. B-C. To the best of its knowledge, City of Livonia's financial interest in this matter is the largest of any

5

known plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B).

### 3. City of Livonia Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. 15 U.S.C § 78u-4(a)(3)(B)(iii)(cc). Only a preliminary showing of typicality and adequacy is necessary at this stage of the litigation. *See Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *8 (N.D. Ill. Oct. 8, 2019) (finding that a movant group "has satisfied its burden by making a preliminary showing that it satisfies the requirements of Rule 23").

The typicality requirement is satisfied if the movant or movant group's claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* at *9 (citation and alteration omitted). City of Livonia satisfies this requirement because, just like all other proposed class members, it purchased or acquired AbbVie securities during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages thereby. *See id.* (finding that claims "based on the same legal theories and aris[ing] from the same events and course of conduct giving rise to the claims of the other class members" meet the typicality requirement) (citation omitted). Thus, City of Livonia's claims arise from the same factual predicate and involve substantially the same legal arguments as those of the other class members. Accordingly, City of Livonia is typical. *See id.*

"A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously." *Id.* (citation omitted) (alteration in original).

6

4868-6617-5524.v1

Here, City of Livonia satisfies the adequacy requirement because its interests in vigorously pursuing claims against Defendants—given its financial losses—are aligned with the interests of the members of the class who were similarly harmed as a result of Defendants' false and misleading statements. City of Livonia is a Michigan-based family of related public pension plans providing pension and disability benefits to participants and their beneficiaries.[1] City of Livonia is familiar with the obligations and fiduciary responsibilities owed to a class and is fully committed to vigorously pursuing the claims on behalf of the class in this case. City of Livonia is therefore precisely the type of lead plaintiff whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001). Accordingly, City of Livonia has made a prima facie showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

Further, City of Livonia has demonstrated its adequacy through its selection of Lead Counsel for the class. As discussed more fully below, Robbins Geller and Kessler Topaz are qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex actions in an efficient, effective, and professional manner.

**B.       City of Livonia's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the Lead

---

1    Additional information about City of Livonia can be found on its website, https://livonia.gov/205/Board-of-Trustees---Employees-Retirement

7

4868-6617-5524.v1

Plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"); *Kraft Heinz*, 2019 WL 4958238, at *12 (approving lead plaintiff's choice of counsel).

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[2] Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *In re GoHealth, Inc. Sec. Litig.*, No. 1:20-cv-05593, ECF 61 (N.D. Ill. Dec. 10, 2020) (Coleman, J.) (appointing Robbins Geller attorneys as lead counsel in securities class action case); *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *2 (N.D. Ill. July 19, 2019) (Kendall, J.) (same). For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally

---

2    For a detailed description of Robbins Geller and Kessler Topaz's track records, resources, and attorneys, please *see* https://www.rgrdlaw.com and https://www.ktmc.com.  A hard copy of the Firms' resumes are available upon the Court's request, if preferred.

significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id.*

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Capital Props., Inc. Sec. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco Int'l, Ltd. Sec. Litig.*, No. 1:02-md-01335-PB (D.N.H.) ($3.2 billion recovery); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 1:09-md-02058-PKC (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, No. 1:09-cv-06351-RJS (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Sec. Litig.*, No. 1:08-cv-5523-LAK (S.D.N.Y.) ($615 million recovery). Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions in this District and across the country, including: *In re Kraft Heinz Sec. Litig.* No. 1:19-cv-01339 (N.D. Ill.); *Washtenaw Cty. Emps.' Ret. Sys. v. Walgreen Co.*, No. 1:15-

9

cv-03187 (N.D. Ill.); *Sjunde AP-Fonden v. The Goldman Sachs Grp., Inc.*, No. 1:18-cv-12084 (S.D.N.Y.); and *Sjunde AP-Fonden v. Gen. Electric Co.*, No. 1:17-cv-08457-JMF (S.D.N.Y.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, No. 1:11-cv-03658-SAS (S.D.N.Y.)—one of just 13 securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court may be assured that, in the event this motion is granted, the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For the reasons stated herein, City of Livonia respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection Lead Counsel for the class.

Dated: June 6, 2022

Respectfully submitted,

**ROBBINS GELLER RUDMAN & DOWD LLP**

By:  *s/ Danielle S. Myers*
Danielle S. Myers (ILND-GB-5711)
Michael Albert
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

10

4868-6617-5524.v1

**ROBBINS GELLER RUDMAN &**
   **DOWD LLP**
James E. Barz (#6255605)
Frank A. Richter (#6310011)
200 South Wacker Drive, 31st Floor
Chicago, Illinois 60606
Telephone: (312) 674-4674
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

**KESSLER TOPAZ**
  **MELTZER & CHECK LLP**
Sharan Nirmul (#90751)
Naumon A. Amjed
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
namjed@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Proposed Lead Counsel for the Class*

**VANOVERBEKE, MICHAUD**
**& TIMMONY, P.C.**
Michael J. Vanoverbeke
Thomas C. Michaud (P42641)
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
mvanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

*Additional Counsel*

11

4868-6617-5524.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 6, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers

DANIELLE S. MYERS
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: dmyers@rgrdlaw.com

4868-6617-5524.v1

CM/ECF-NextGen LIVE1.6.3.6, U.S. District Court, Northern Illinois

## Mailing Information for a Case 1:22-cv-01773 Nakata v. AbbVie Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Sharan Nirmul**
  snirmul@ktmc.com,jnaji@ktmc.com,hpaffas@ktmc.com,rwinchester@ktmc.com,3369561420@filings.docketbird.com,rdegnan@ktmc.com,ksauder@ktmc.com,7363

- **Joshua Z Rabinovitz**
  jrabinovitz@kirkland.com,meghan.guzaitis@kirkland.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)